UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| CEDRIC GREENE, | ) | |
| Plaintiff, | ) | Case No. 2:15-cv-00174-RFB-GWF |
| vs. | ) | **ORDER** |
| GREYHOUND LINES, INC., | ) | |
| Defendant. | ) | |

This matter comes before the Court on Plaintiff's Application to Proceed in Forma Pauperis (#1), filed on January 30, 2015.

## BACKGROUND

Plaintiff brings a suit for negligent infliction of emotional distress against Defendant Greyhound Lines, Inc. Plaintiff alleges that the Defendant refused to allow him to change his bus ticket despite him having very recently been the victim of theft and in need of assistance.

## DISCUSSION

**I.  Application to Proceed In Forma Pauperis**

Plaintiff filed this instant action and attached a financial affidavit to his application and complaint as required by 28 U.S.C. § 1915(a). Reviewing Plaintiff's financial affidavit pursuant to 28 U.S.C. § 1915, the Court finds that Plaintiff is unable to pre-pay the filing fee. As a result, Plaintiff's request to proceed in forma pauperis in federal court is granted.

**II.  Screening the Complaint**

Upon granting a request to proceed *in forma pauperis*, a court must additionally screen a complaint pursuant to 28 U.S.C. § 1915(e). Specifically, federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which

relief may be granted, or seeks monetary relief from a Defendant/Third Party Plaintiff who is immune from such relief. 28 U.S.C. § 1915(e)(2). A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted "if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claims that would entitle him to relief." *Buckey v. Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992). A complaint may be dismissed as frivolous if it is premised on a nonexistent legal interest or delusional factual scenario. *Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989). Moreover, "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

The Court shall liberally construe a complaint by a pro se litigant. *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 2007). This liberal construction "applies only to a plaintiff's factual allegations." *Neitzke*, 490 U.S. at 330 n.9. A liberal construction may not be used to supply an essential element of the claim absent from the complaint. *Bruns v. Nat'l Credit Union Admin.*, 12 F.3d 1251, 1257 (9th Cir. 1997) *quoting Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982).

**III.    Instant Complaint**

Plaintiff brings a claim for negligent infliction of emotional distress. In California, where the events took place, two theories are recognized for negligent infliction of emotional distress: bystander cases and direct victim cases. *Wooden v. Raveling*, 61 Cal.App.4th 1035, 1037 (1998). The bystander theory allows for recovery by plaintiffs who witnessed a victim being injured by the defendant's negligence. *Wooden*, 61 Cal.App.4th at 1037. To avoid a potentially limitless pool of plaintiffs in bystander cases, there are three requirements for recovery: 1) the plaintiff and the victim are closely related, 2) the plaintiff is present at the scene of the injury production event, and 3) suffers emotional distress beyond that which would impact a disinterested witness. *Id*. *citing*

1  *Burgess v. Superior Court*, 2.Cal.4th 1064, 1073 (1992).  The direct victim theory of liability
2  allows a plaintiff to recover when the emotional distress is based upon the violation of a duty owed
3  to the plaintiff.  *Wooden*, 61 Cal.App.4th at 1037.  These cases are based on the elements of
4  negligence, and no physical injury to any party is required.  *Burgess*, 2.Cal.4th at 1073.  As the
5  Plaintiff here alleges no physical injury, the only available theory of liability is the direct victim
6  theory.
7        A negligence action requires the Plaintiff to show that the Defendant owed the Plaintiff a
8  duty of care, that the duty was breached, that the breach of the duty caused harm to the Plaintiff,
9  and that the harm caused to the Plaintiff was foreseeable.  *See generally Slaughter v. Legal Process*
10  *& Courier Service*, 162 Cal.App.3d 1236, 1249-1250 (1984).  Plaintiff's complaint fails to
11  adequately plead these elements, even with the Court applying the requisite liberal pleading
12  standard.  Plaintiff does not explain how or why the Defendant owed him a duty to alter his travel
13  dates due to hardship suffered by the Plaintiff.  He does not explain that this duty was breached by
14  the Defendant, who did eventually allow the Plaintiff to travel on the day he requested, albeit hours
15  later than the Plaintiff had hoped.  It is unclear exactly what harm the Plaintiff has suffered, other
16  than a three hour delay before the Defendant acquiesced to his request.  Because the harm itself is
17  unclear, it is difficult to analyze whether any harm was foreseeable.
18        Plaintiff filed the claim, as he notes in his introduction, under diversity jurisdiction.  (#1-1,
19  pg. 1).  Prior to filing the instant case, however, the Plaintiff attached the complaint to a letter
20  directed to the United States District Court for the District of Nevada, in which he asks that the
21  District of Nevada to take up his case because it is not welcome in California.  (See case no. 2:15-
22  cv-00115-GMN-PAL, doc. #1).  He explains that he has been tagged as "vexatious" in California.
23  *Id.*  He states in the instant complaint that "he submits this case to the District of Nevada asking
24  that the Court entertain a matter in which the cause of action occurred at 2103 San Peblo Avenue,
25  Oakland, California 94612.  Such is necessary for the purpose of fairness to this case, the
26  prosecuting Pro Se litigant, and for the ends of Justice and for all proper reasons."  (#1-1, pg. 1).
27  Plaintiff lives in Los Angeles, California.  Because Plaintiff's residence and the location of the
28  events are all in California, it is likely that California is the more appropriate forum in which to

litigate this matter.

Title 28 of the United States Code § 1406 allows a District Court to transfer a case "if it be in the interest of justice" to any district in which the case could have been brought. There is no indication that the District of Nevada is the proper venue for this case, and the Plaintiff should not be allowed to escape the vexatious litigant determination of the California courts by simply filing in Nevada with no other reason for doing so. To allow such circumvention would not be in the interests of justice. Should the Plaintiff wish to bring this claim in the District of Nevada, there must be a more definitive statement of why this venue is appropriate, and why this matter should not be transferred back to California.

The Court cannot state, however, that Plaintiff cannot cure the complaint through amendment. A more detailed pleading of the elements of negligence and a clear statement of the basis for this Court's jurisdiction may be sufficient for the case to move forward. Therefore, the Court will dismiss the complaint, without prejudice, so that the Plaintiff has the opportunity to amend. Should the Plaintiff choose to file the amended complaint, it is still possible that the case will be transferred to California as the more appropriate jurisdiction.

If Plaintiff elects to proceed in this action by filing an amended complaint, he is informed that the court cannot refer to a prior pleading in order to make his amended complaint complete. Local Rule 15-1 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir.1967). Once Plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Application to Proceed In Forma Pauperis is **granted**. Plaintiff shall not be required to pre-pay the full filing fee of four hundred dollars ($400.00).

**IT IS FURTHER ORDERED** that Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of

security therefor.  This Order granting leave to proceed *in forma pauperis* shall not extend to the issuance of subpoenas at government expense.

       **IT IS FURTHER ORDERED** that Plaintiff's Complaint is **dismissed,** without prejudice, and with leave to amend.  Plaintiff shall have until **April 27, 2015** to file an amended complaint correcting the noted deficiencies.

       DATED this 27th day of March, 2015.

       _____
       GEORGE FOLEY, JR.
       United States Magistrate Judge