# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Cedric Greene, | Case No. 2:15-cv-00174-RFB-GWF |
| Plaintiff, | ORDER |
| v. | |
| Greyhound Lines, Inc., | |
| Defendant. | |

## I. BACKGROUND

On January 1, 2015, Plaintiff Cedric Greene filed an Application for Leave to Proceed in Forma Pauperis. ECF No. 1.

On March 27, 2015, Magistrate Judge Foley granted the Application and screened the complaint, pursuant to 28 U.S.C. 1915(e). ECF No. 2. Upon screening the complaint, the magistrate judge dismissed the complaint 1) for failure to state a claim upon which relief can be granted and 2) for improper venue. Id. Judge Foley allowed Greene until April 27, 2015, to file an amended complaint to address these issues.

On April 8, 2015, Greene filed the instant Partial Objection. ECF No. 3. On April 17, Greene filed a Motion to Extend Time to allow him to amend his complaint after the Partial Objection was decided. ECF No. 4.

## II. LEGAL STANDARD

Though Greene cites Federal Rule of Civil Procedure 72(b)(2), which allows for objections to magistrate judge recommendations on dispositive matters, Greene's objection is more properly brought under Rule 72(a), which allows for district judge reconsideration of

1 magistrate judge orders on nondispositive matters. See McKeever v. Block, 932 F.2d 795, 798
2 (9th Cir. 1991). Under Rule 72(a), "[t]he district judge in the case must consider timely
3 objections and modify or set aside any part of the order that is clearly erroneous or is contrary to
4 law." Fed. R. Civ. P. 72(a); accord D. Nev. R. IB 3-1.

Thus, the standard of review this Court must apply is "whether the magistrate judge's findings were clearly erroneous or contrary to law." Doe v. Kamehameha Sch./Bernice Pauahi Bishop Estate, 596 F.3d 1036, 1042 n.4 (9th Cir. 2010).

### III. DISCUSSION

Here, the magistrate judge dismissed Greene's complaint 1) for failure to state a claim upon which relief can be granted and 2) for improper venue. Greene objects only to the transfer of venue. Partial Objections 1, ECF No. 3.

### A. The Magistrate Judge's Order

As an initial matter, it is important to consider what the magistrate judge did—and did not—order. In relevant part, the magistrate judge's Order stated,

> There is no indication that the District of Nevada is the proper venue for this case, and the Plaintiff should not be allowed to escape the vexatious litigant determination of the California courts by simply filing in Nevada with no other reason for doing so. To allow such circumvention would not be in the interests of justice. *Should the Plaintiff wish to bring this claim in the District of Nevada, there must be a more definitive statement of why this venue is appropriate, and why this matter should not be transferred back to California.*
> The Court cannot state, however, that Plaintiff cannot cure the complaint through amendment. A more detailed pleading of the elements of negligence and a clear statement of the basis for this Court's jurisdiction may be sufficient for the case to move forward. Therefore, the Court will dismiss the complaint, without prejudice, so that the Plaintiff has the opportunity to amend. *Should the Plaintiff choose to file the amended complaint, it is still possible that the case will be transferred to California as the more appropriate jurisdiction.*

Order 4, ECF No. 2:3–15 (emphasis added). The magistrate judge did not order transfer of the case to California. Rather, the magistrate judge concluded that the Complaint inadequately establishes why venue in Nevada is proper, gave Greene an opportunity amend the complaint to

- 2 -

address venue issues (as well as certain identified substantive issues), and noted that it was possible that Greene's complaint may survive and yet be transferred to be California. It is this specific ruling *only*—the order of dismissal with leave to amend—that this Court reconsiders at this time: not the broader question of where venue may or may not be appropriate.

### B. Venue Law

28 U.S.C. § 1391(b) establishes by statute three general situations in which venue is appropriate.

First, if all defendants are residents of the state in which the district is located, venue is proper in a district in which any defendant resides. 28 U.S.C. § 1391(b)(1). Corporations are "deemed to reside … in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question." 28 U.S.C. § 1391(c)(2). In effect, venue can be satisfied by proof that the corporate defendant is subject to personal jurisdiction in the district. Personal jurisdiction can be either general or specific. General personal jurisdiction is an exacting standard which requires "continuous and systematic" contacts that "approximate physical presence." Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 801 (9th Cir. 2004). Specific jurisdiction requires that (1) the defendant must have purposefully directed specific activities toward the state forum, (2) the plaintiff's claim must arise out of or relate to those specific forum-related activities, and (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. be reasonable. Id. at 802.

Alternatively, venue is proper in a district in which a "substantial part of the events or omissions" giving rise to the claim occurred, or in which a "substantial part of property" that is the subject of the action is situated. 28 U.S.C. § 1391(b)(1).

Finally, if there is no district in which venue proper based on residence or location of events or omissions, venue is proper where any defendant is subject to the court's personal jurisdiction. 28 U.S.C. § 1391(b)(3).

"The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or

1 division in which it could have been brought." 28 U.S.C. § 1406(a).

### C. Application

The events giving rise to the lawsuit appear to have taken place exclusively within California. On the basis of the information contained within the Complaint, it appears that Plaintiff Greene is a resident of Los Angeles, California, who travelled to Oakland, California. This travel involved the purchase of a ticket from Greyhound online and subsequent interactions with Greyhound at an Oakland station and the Oakland police which form the basis of the complaint. These facts suggest venue may be proper in certain California districts, but do not appear to suggest venue is proper in the district of Nevada.

Furthermore, it is not possible, based on the facts alleged in the Complaint, for the Court to establish that it has personal jurisdiction over defendant Greyhound (and by extension, that venue is proper in the district of Nevada) in this matter. The Complaint simply alleges nothing which describes what ties Greyhound may have to Nevada.

Based on these alleged facts, then, the Court cannot conclude that the magistrate judge's Order was "clearly erroneous or contrary to law" in determining that the Complaint inadequately demonstrates how venue in Nevada is proper and consequently ordering Greene to amend his complaint. Therefore, Greene's Objection is denied. To be clear, however, the Court is *not* at this time evaluating whether dismissal or transfer for venue or any other reasons is proper, as those questions are not presently before the Court.

### D. Motion to Extend Time

In light of the Court's denial of Greene's Partial Objections, the Court finds it appropriate to reset the deadline by which Greene may amend his complaint to address the substantive and venue issues identified in the magistrate judge's screening Order, ECF No. 2. Accordingly, Greene shall have thirty days from the issuance of this order to file an amended complaint.

### IV. CONCLUSION

For the reasons discussed above,

IT IS ORDERED that Plaintiff's Partial Objections, ECF No. 3, is DENIED, and Magistrate Judge Order, ECF No. 2, is AFFIRMED.

IT IS FURTHER ORDERED that Motion to Extend Time, ECF No. 4, is GRANTED. Greene may have until June 8, 2015 to amend his Complaint in response to the March 27, 2015 Order.

Dated: May 7, 2015.

RICHARD F. BOULWARE, II
UNITED STATES DISTRICT COURT